IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEVERN ANTOINE REAVES | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RDB-06-2066 |
| UNKNOWN NAMED CHIEF OF POLICE, JASON KING, OFFICER UNDERWOOD, and TWO UNKNOWN POLICE OFFICERS | : : : | |
| Defendants | | |

o0o

## MEMORANDUM OPINION

Pending is a Motion to Dismiss filed on behalf of Unknown Named Chief of Police. Paper No. 14. Plaintiff has filed an opposition to the motion. Paper No. 24. For the reasons set forth below, the motion shall be granted.

Defendant asserts that the complaint fails to allege any act attributable to the Chief of Police that could form the basis of a constitutional claim. Paper No. 14. The complaint merely states that Plaintiff filed a hand-written claim concerning his allegations against Officers King and Underwood and the claim was never addressed by the Chief of Police. *Id*. In his opposition, Plaintiff simply reiterates his belief that the Chief of Police condoned the actions of the officers who mistreated him. Paper No. 24.

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events. *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

      It is clear Plaintiff's claim against Unknown Named Chief of Police is one that is based on vicarious liability. Absent an allegation and subsequent proof that a policy or other act by supervisory official facilitated the alleged unconstitutional conduct, there is no basis for imposing liability on supervisory official. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 690 (1978). The mere fact that the Chief of Police in this case failed to answer a complaint is not enough to establish a colorable constitutional claim. The Motion to Dismiss will, therefore, be granted by separate Order which follows. The remaining claims against Defendants Underwood and King shall proceed in accordance with the schedule set forth in the Order.

<u>March 23, 2007</u>                                    <u>/s/                              </u>
Date                                                                    RICHARD D. BENNETT
                                                                     UNITED STATES DISTRICT JUDGE